**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: January 25 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-37353 |
| | ) | |
| Harold Edward Fuller | ) | Chapter 7 |
| Ava Nell Fuller. | ) | |
| | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |
| Debtor(s). | ) | |

### ORDER DENYING MOTION TO APPROVE REAFFIRMATION AGREEMENT

This case is before the court upon a Motion for Approval of a Reaffirmation Agreement, [Doc. #11], filed by creditor Huntington National Bank. The Reaffirmation Agreement with Debtors for which approval is sought in the motion was also separately filed by the creditor. [Doc. #10]. The motion will be denied.

The Reaffirmation Agreement relates to a debt secured by Debtors' home upon which the Creditor has a mortgage lien. Part C of the Reaffirmation Agreement was not signed by counsel for Debtors, requiring a hearing under 11 U.S.C. § 524(d). The court held the required hearing on January 21, 2010. Debtors appeared in person at the hearing. The conduct of the hearing has been separately noted on the case docket.

However, as the Reaffirmation Agreement involves reaffirmation of consumer debt secured by real property of Debtors, the court informed them as required by 11 U.S.C. § 524(d)(1) but did not make a determination under 11 U.S.C. § 524(c)(6) due to the exception of real property therefrom by § 524(c)(6)(B) and (d)(2). While court approval of a reaffirmation agreement that is not signed by counsel for a debtor is

required in order for reaffirmation of a debt secured by personal property to be enforceable, 11 U.S.C. § 524(c)(6), (d)(1), bankruptcy courts are not required to approve and indeed are not authorized to either approve or disapprove such agreements under § 524(c)(6) and (d), an exception presumably added to the Bankruptcy Code at the behest of mortgage lenders such as Huntington National Bank.

The motion also seeks approval under 11 U.S.C. § 524(m) on the grounds that the presumption of undue hardship has arisen. However, bankruptcy courts are not required under § 524(m) or any other part of the statute to approve affirmatively every agreement where a presumption of undue hardship is shown on Part D of the document. Rather, courts are given the discretion to disapprove such agreements only after notice and a hearing if the presumption is not rebutted to the court's satisfaction. As the presumption as to this Reaffirmation Agreement was otherwise rebutted to the court's satisfaction on the record, the Reaffirmation Agreement was not set for hearing under the authority of § 524(m). *See* Doc. # 14. The court is therefore not disapproving the agreement and it is not required by any part of the statute to approve it affirmatively for it to be enforceable as long as it otherwise complies with § 524.

**IT IS THEREFORE ORDERED** that the Motion for Approval of a Reaffirmation Agreement [Doc. #11] filed by creditor Huntington National Bank is **DENIED**.